IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN D. LIVINGSTON,

    **Plaintiff,**

    v.                                          CASE NO. 23-3032-JWL

UNIFIED GOVERNMENT
OF WYANDOTTE COUNTY, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights case under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 3).

Plaintiff argues that he is unable to afford counsel, the issues are complex and will require significant research and investigation, and he only has a GED. (Doc. 3, at 3-4.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*,

461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated February 7, 2023, in Kansas City, Kansas.**

>   **S/   John W. Lungstrum**
>   **JOHN W. LUNGSTRUM**
>   **UNITED STATES DISTRICT JUDGE**