IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN D. LIVINGSTON,

    **Plaintiff,**

    v.                                                       CASE NO.  23-3032-JWL

UNIFIED GOVERNMENT
OF WYANDOTTE COUNTY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Adrian Livingston brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.  He is a state prisoner confined at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas.  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.  He is also given the opportunity to file an amended complaint.

### I. Nature of the Matter before the Court

Plaintiff alleges in his Complaint (Doc. 1)[1] that he was stopped by two Kansas City, Kansas police officers on June 8, 2019.  Officer Sanders said he was stopped for a seatbelt violation.  While Sanders took Plaintiff's license and returned to the police car to run a record check, Contreras remained next to Plaintiff's car door.  Sanders returned Plaintiff's license to him without a traffic citation.  Sanders then asked Plaintiff to exit the car.  When Plaintiff asked why, Sanders said that he thought he smelled marijuana.  Sanders searched the car and found

---

[1] Plaintiff also filed a handwritten 36-page document (Doc. 1-1) that appears to be another complaint.  To the extent Doc. 1-1 contains any allegations or claims not included in Doc. 1, they have not been considered.  If Plaintiff chooses to file an amended complaint, he should include all allegations and claims in that document.

1

drugs under the passenger seat. Plaintiff told the officers that the drugs were not his, that his car had been stolen and recently recovered. Nonetheless, Sanders and Contreras arrested Plaintiff. He was charged and detained at the Wyandotte County Detention Center ("WCDC") until November 25, 2019, when he bonded out. According to Plaintiff, he did not have a preliminary hearing until November 25, 2019. Plaintiff then failed to appear at a court date and was returned to custody on August 1, 2020, where he remained until his acquittal on September 21, 2021.

Plaintiff asserts that Sanders and Contreras did not serve him with a traffic citation. He states that Contreras testified at a preliminary hearing on December 12, 2019, that he remained by the driver's side door throughout the stop and did not smell marijuana until Sanders did. He also testified that there was no citation written because the traffic stop became a Terry stop. Sanders testified that he issued a seatbelt citation to Plaintiff. On cross-examination, defense counsel requested a copy of the citation. ADA Sokoloff did not have it. He told the court that the citation existed, but he had misplaced it in his office. The judge ordered him to produce the citation by the next court date. Sokoloff failed to comply.

At a motion to suppress hearing on September 29, 2020, Sanders again testified that he issued Plaintiff a citation. Sokoloff again said the citation existed but had been misplaced. At trial on September 20, 2021, ADA Hines presented the prosecution's case and used Sanders' testimony to support probable cause. Plaintiff states that he was acquitted on September 21, 2021. The court issued an order for release, but Plaintiff was not released for another two days.

Plaintiff also alleges that he contracted COVID-19 while detained at the WCDC due to the negligence of Defendants. He became ill on July 3, 2021, and spent 21 days in quarantine.

Plaintiff brings claims for violation of his Fourth Amendment right to be free from unreasonable search and seizure and unlawful prosecution without probable cause; violation of

the Fourteenth Amendment right to a fair trial, liberty, and due process; and the torts of malicious prosecution, unlawful imprisonment, breach of duty, abuse of process, and negligent infliction of emotional distress.

Plaintiff names the following defendants: the Unified Government of Wyandotte County, Kansas; the Board of County Commissioners of Wyandotte County; Adam Sokoloff, Assistant District Attorney; Taylor Hines, Assistant District Attorney; Officer Sanders, police officer with the Kansas City Kansas, Police Department ("KCKPD"); Officer Contreras, police officer with the KCKPD; Donald Ash, Sheriff of Wyandotte County; David Thaxton, employee of the Wyandotte County Sheriff's Department and warden of the WCDC; Charles Patrick, Major with the Wyandotte County Sheriff's Department and the WCDC; Tracy McCullough, Captain with the Wyandotte County Sheriff's Department and the WCDC; and Dwight Buxton, Captain with the Wyandotte County Sheriff's Department and the WCDC. Plaintiff seeks declaratory relief, compensatory damages in the amount of $500,000, and punitive damages in the amount of $500,000.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and

*Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds some claims and defendants are subject to dismissal for the following reasons.

**A. Statute of Limitations**

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in K.S.A. § 60-513(a)." *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted); *see United States v. Kubrick*, 444 U.S. 111, 120 (1979); *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted); *see Thorpe v. Ancell*, 367 F. App'x 914, (10th Cir. 2010) (unpublished). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle*, 435 F.3d at 1258-59 (citing *Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

Plaintiff's Complaint is based on his arrest on June 8, 2019, and subsequent detention and prosecution. He filed this action on February 6, 2023, more than three years after that arrest. However, the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). At the time the tolling began, nine months of the two-year limitations period had run. Therefore, the statute of limitations for claims based on Plaintiff's June 8, 2019 arrest expired in July of 2022.

The July 2022 expiration applies to Plaintiff's claim for violation of his Fourth Amendment right to be free from unreasonable search and seizure. This claim is subject to dismissal as barred by the statute of limitations. In addition, Plaintiff's claim that he was not brought before a judge for a probable cause hearing within 14 days after his arrest in violation of

K.S.A. 22-2902(b) is also subject to dismissal as untimely, as is his claim that Defendants Contreras and Sanders engaged in a conspiracy to conduct the initial traffic stop.

Plaintiff also makes a claim for "unlawful imprisonment." This claim is barred by the statute of limitations as well. *See Wallace*, 549 U.S. at 389 (false imprisonment ends once the victim is bound over by a magistrate or arraigned on charges). The Complaint shows that Plaintiff had a preliminary hearing on September 5, 2019, making this the accrual date for the claim. More than two years passed from the accrual date until Plaintiff filed this action, even with the COVID tolling. Therefore, Plaintiff's claim for unlawful imprisonment is subject to dismissal.

### B. Claim for Damages

Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). This provision bars a prisoner from bringing a claim for compensatory damages without a prior showing of a physical injury. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff's request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. The Court finds that Plaintiff's claim for actual or

compensatory damages is subject to being dismissed unless he alleges facts showing a prior physical injury.

### C. Claims based on Negligence

Plaintiff alleges that Wyandotte County, the Unified Government, and Sheriff Ash negligently "maintained an unsanitary practice during the COVID-19 epidemic primarily from August 1, 2021 until September 23, 2021." Doc. 1, at 5. Plaintiff claims this negligence resulted in his near-death experience of contracting COVID-19, causing him to be quarantined for 21 days and causing his criminal trial to be continued from July 26, 2021 to September 20, 2021. *Id*. He also mentions negligent infliction of emotional distress (*id*. at 25) and "negligence and inadequate supervision" on the part of Defendants Patrick, Thaxton, Buxton, and McCullough (*id*. at 6-7).

All of these claims are subject to dismissal because negligent conduct does not implicate the Constitution and thus does not state a claim under § 1983. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). Negligence is a tort claim that must be litigated in state court.

### D. State Law Claims

As noted, in a § 1983 action, the Complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under §

1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).  Thus, the allegation that a state statute, state constitution, or state common law was violated states no claim under § 1983.  Plaintiff's claims of negligence, breach of duty of care, abuse of process, negligent infliction of emotional distress, and violation of K.S.A. 22-2902(b) are all matters of state law that are not grounds for relief in federal court under § 1983.

Plaintiff asserts pendent jurisdiction.  However, this Court does not have pendent jurisdiction over state law claims when the Complaint fails to state a federal constitutional claim.

### E. Improper Defendants

To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *see Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).

Plaintiff makes general statements, such as the Unified Government is "[r]esponsible and tasked with the designation of the scope of duties to its employees, repair of buildings and equipment under its control and management" (Doc. 1, at 1) and "The County policymakers and its employees at KCKPD, deprived the plaintiff of his liberty interest" (*id*. at 3), but he has pointed to no specific policy or deficiency in the training program used by Wyandotte County and no causal link between any such inadequacy and the allegedly unconstitutional acts or

inactions of any individual defendant. The Unified Government and Board of Commissioners are subject to dismissal.

### F. Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff fails to allege the personal participation of Defendants Patrick, Thaxton, Buxton, McCullough, or Ash in any claimed constitutional violation. These defendants are subject to dismissal.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why the claims discussed above should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3032-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to

state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **April 28, 2023,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **April 28, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 28, 2023, in Kansas City, Kansas.**

                                              **S/   John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**