IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN D. LIVINGSTON,

    **Plaintiff,**

    v.                                                      CASE NO. 23-3032-JWL

UNIFIED GOVERNMENT
OF WYANDOTTE COUNTY, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. The Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and entered a Memorandum and Order to Show Cause why the case should not be dismissed (Doc. 6) ("MOSC"). After considering Plaintiff's response to the MOSC and amended complaint, the Court dismissed the case on July 17, 2023. (Memorandum & Order, Doc. 15 ("7/17/23 M&O"); Judgment, Doc. 16). The matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 26).

**I. Legal Standard**

Local Rule 7.3 provides that "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. This is essentially the same showing required for a motion to alter or amend a judgment under Rule 59(e). *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e)

1

motion should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

In the motion and supporting memorandum, Plaintiff does not allege that there has been an intervening change in the controlling law or that there is newly discovered evidence. Therefore, his arguments must establish clear error or manifest injustice.

**II. Discussion of Plaintiff's Arguments**

Plaintiff makes several arguments in his motion.

**A. Probable Cause, False Information, Favorable Termination**

Plaintiff continues to argue about the traffic stop, whether the officers issued him a traffic citation, and whether the officers and prosecutors lied about the existence of a citation. He also argues about probable cause for his arrest and whether he meets the favorable termination requirement to bring a malicious prosecution or falsification of evidence claim. None of Plaintiff's arguments are new or establish clear error or manifest injustice.

In addition to the reasons for dismissal explained by the Court in the 7/17/23 M&O, Plaintiff's claims related to his arrest and conviction are barred by *Heck v. Humphrey*. The *Heck* doctrine provides that if a § 1983 claim would call into question the validity of the plaintiff's conviction, the claim is barred unless the plaintiff shows his conviction has already been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff's claims of lack of probable cause, malicious prosecution, fabricated evidence, conspiracy, and any other claims related to the traffic stop, search, arrest, and subsequent trial all call into question his conviction for possession of marijuana. Therefore, these claims are barred because Plaintiff's conviction has

not been overturned on appeal, in a collateral proceeding, or by executive order. *See id*. at 486-87.

### B. Statute of Limitations

Plaintiff argues that none of his claims should be time-barred. As stated in the 7/17/23 M&O, Plaintiff's Amended Complaint is based on his arrest on June 8, 2019, and subsequent detention and prosecution. He filed this action on February 6, 2023, more than three years after that arrest. However, the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). At the time the tolling began, nine months of the two-year limitations period had run. Therefore, the statute of limitations for claims based on Plaintiff's June 8, 2019 arrest expired in July of 2022.

The July 2022 expiration applies to the extent Plaintiff is claiming violation of his Fourth Amendment right to be free from unreasonable search and seizure. In addition, Plaintiff's claim that he was not brought before a judge for a probable cause hearing ("*Gerstein* hearing") within 14 days after his arrest in violation of K.S.A. 22-2902(b) is also subject to dismissal as untimely, as is his claim that Defendants Contreras and Sanders engaged in a conspiracy to conduct the initial traffic stop.

The M&O also found that Plaintiff's "unlawful detention" or "unlawful detainment" was barred. This remains true as to any claim Plaintiff is attempting to bring for his initial detention. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (false imprisonment ends once the victim is bound over by a magistrate or arraigned on charges). Plaintiff had a preliminary hearing on December 12, 2019, making this the accrual date for the claim. More than two years passed from the accrual

date until Plaintiff filed this action, even with COVID tolling. However, Plaintiff's unlawful detention claim based on over-detention after his trial concluded on September 21, 2021, is timely.

### C. Unlawful Detention Claim

Plaintiff clarifies that his claim for unlawful detention or false imprisonment is based on being held for two days after the judge issued an order for release at the conclusion of his trial. He cites two cases in support of his claim, *Berry v. Baca*, 379 F.3d 764, 768 (9th Cir. 2004) (over detention after court ordered release has potential to violate constitutional rights), and *Fowler v. Block*, 2 F. Supp. 2d 1268, 1279 (C.D. Cal. 1998) (in face of state court's clear release order, unreasonable for sheriff to do more than simply check the plaintiff out after he was returned to custody).

The Court appreciates Plaintiff's clarification and agrees that his claim for unlawful detention should survive preliminary screening. "In the overdetention context generally, courts have refused to draw a bright line as to when overdetention violates due process. However, when plaintiffs have satisfied all bond conditions and possess a release order, courts have found delays ranging from two to forty-eight hours unconstitutional." *Dawson v. Bd. of Cnty. Commissioners of Jefferson Cnty., Colorado*, No. 16-CV-01281-MEH, 2017 WL 5188341, at *8 (D. Colo. Jan. 3, 2017), *aff'd,* 732 F. App'x 624 (10th Cir. 2018) (citing *see Young v. City of Little Rock*, 249 F.3d 730, 736 (8th Cir. 2001) (affirming a Section 1983 jury verdict that a two and a half hour delay in the plaintiff's release was a due process violation); *Barnes v. District of Columbia*, 793 F. Supp. 2d 260, 276 (D.D.C. 2011) (stating that an unjustified forty-eight hour or more delay in processing a detainee's release is likely unconstitutional)).

4

### D. Physical Injury under § 1997e(e) and Damages

Plaintiff argues that contracting COVID while housed at the WCDC should qualify as a physical injury for purposes of 42 U.S.C. § 1997e(e) (prisoner may not bring an action for mental or emotional injury without a prior showing of physical injury). The Court did not say that suffering from COVID is not a physical injury. Rather, because such injury is not traceable to any constitutional violation, it does not meet the requirements of § 1997e(e).

In addition, Plaintiff cites cases arguing that there is another form of damages that is not compensation for physical injury or for mental and emotional injury. In *Friedland v. Fauver*, 6 F. Supp. 2d 292, 310 (D. N. D. 1998), the court found that 42 U.S.C. § 1997e(e) did not apply to bar the action because the plaintiff sought damages for unconstitutional incarceration rather than mental or emotional injury. Also, in *Aref v. Lynch*, 833 F.3d 242, 264-65 (D.C. Cir. 2016), the court held that the plaintiff was entitled to be compensated for loss of liberty independently of claims of physical, mental, emotional or economic injury.

However, binding Tenth Circuit precedent holds to the contrary. The Tenth Circuit has held that "the [PLRA] limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *see also Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222–23 (D. Colo. 2001) (concluding § 1997e(e) applied to plaintiff's malicious prosecution claims in spite of fact he did not challenge prison conditions). Although Plaintiff cannot recover compensatory damages without a legally sufficient physical injury, nominal and punitive damages are not barred. *Id.* at 879.

### E. Conditions of Confinement Claim

Plaintiff next argues about the dismissal of his conditions of confinement claim. While it is true that inadequate ventilation has been mentioned by courts as a condition that could contribute

to a constitutional violation, the conditions alleged by Plaintiff do not rise to the level of a violation of his rights. As the Court found in the 7/17/23 M&O, Plaintiff has not alleged any facts that, if true, would show that poor ventilation for three weeks presented a substantial risk of serious harm to him, that Defendants drew the inference that a such risk of serious harm to Plaintiff existed, and that they then disregarded that risk. Plaintiff's claims related to the conditions of his confinement suggest, at most, negligence, which is not actionable under § 1983. *See Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992).

### F. Prosecutorial Immunity

Plaintiff argues that Defendants Sokoloff and Hines should not have immunity because they fabricated evidence, and they should be considered policymakers for purposes of *Monell* liability. Because these parties are named as defendants to Plaintiff's claims involving his arrest and conviction, and because the Court found those claims may not proceed, Sokoloff and Hines are dismissed for that reason.

### G. Defendants Ash, Thaxton, Patrick, McCullough, and Baxton

Plaintiff argues that Defendants Ash, Thaxton, Patrick, McCullough, and Baxton should not be dismissed for lack of personal participation. He asserts that they personally participated as policymakers, administrators, and supervisors, and cites *Burke v. Regaldo*, 935 F.3d 960, 997 (10th Cir. 2019) (discussing requirements for supervisory liability under § 1983). Because Plaintiff's unlawful detention claim may proceed and it is not clear whether these defendants personally participated in the claimed over-detention or whether they were responsible for a policy or custom that resulted in the alleged constitutional violation, they are not dismissed at this time.

### H. Conspiracy

In the Amended Complaint, Plaintiff includes a count for conspiracy (Count 9). He alleges conspiracies related to his arrest and conviction, the conditions of his confinement, and his alleged over-detention. Because his claims of constitutional violations stemming from his arrest, conviction, and conditions of confinement are dismissed, his corresponding conspiracy claims are dismissed as well. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (in order to prevail on a § 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

As for his allegation of conspiracy related to the over-detention claim, a conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Plaintiff merely states, "The Sheriff defendants approved the unreasonable delay of the implementation of the administrative release process." (Doc. 13, at 32). Because he fails to allege specific facts showing any agreement or concerted action between the defendants, Count 9 is dismissed in its entirety.

## III. Conclusion

To summarize, the Court finds the 7/17/23 M&O should be modified in certain respects. Plaintiff's claim of unlawful detention under the Fourth and Fourteenth Amendments based on two days over-detention (Amended Complaint, Count 7; Doc. 13, at 22-23) survives screening. Because Count 7 is not dismissed at this time, Plaintiff's claims of supervisory and *Monell* liability in Counts 1 and 2, his claim for failure to intervene in Count 10, and his state law claims for abuse of process and breach of duty in Counts 11 and 12, as they relate to the alleged over-detention, also survive for the time being.

Plaintiff's claims questioning probable cause for the traffic stop, his arrest, and detention, malicious prosecution, fabrication of evidence, failure to intervene, conspiracy, breach of duty, and abuse of process as related to his arrest and conviction remain dismissed for the reasons explained in the 7/17/23 M&O but are also dismissed as premature under *Heck*. These are designated in the Amended Complaint as Counts 3, 4, 5, 6, 10, 11, and 12. Moreover, the Court finds no cause to modify its order dismissing Counts 8 and 9 of Plaintiff's Amended Complaint alleging unconstitutional conditions of confinement at the WCDC and conspiracy. The Court further finds that Defendants Sokoloff, Hines, Sanders, and Contreras are subject to dismissal from this action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 26) is **granted** as to Counts 1, 2, 7, 10, 11, and 12, but only as to his over-detention claim, and **denied** as to the remainder of the Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Sokoloff, Hines, Sanders, and Contreras are dismissed from this action.

**IT IS FURTHER ORDERED** that the Court directs the Clerk of the Court to prepare and issue waiver of service forms for Defendants Ash, Thaxton, Patrick, McCullough, and Baxton pursuant to Fed. R. Civ. P. 4(d) to be served upon the defendants at no cost to Plaintiff. The Clerk is directed to prepare summons pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure to be served upon the Chief Executive Officer of the Unified Government of Wyandotte County and the Wyandotte County Board of Commissioners.


**IT IS SO ORDERED**.

**Dated September 1, 2023, in Kansas City, Kansas.**

        **S/   John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**