IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ADRIAN D. LIVINGSTON,**

        **Plaintiff,**

        v.                                            **CASE NO. 23-3032-JWL**

**UNIFIED GOVERNMENT
OF WYANDOTTE COUNTY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Amended Notice of Appeal (Doc. 29) challenging the Court's Memorandum and Order of September 1, 2023 ("M&O," Doc. 27) and on Plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 30).

The Court had previously dismissed this matter (*see* Docs. 15 and 16), and Plaintiff filed a notice of appeal (Doc. 20). Plaintiff then filed a motion for reconsideration (Doc. 26). In the M&O, the Court granted Plaintiff's motion for reconsideration in part and reinstated proceedings in this Court. The Tenth Circuit issued an order suspending Plaintiff's appeal for lack of jurisdiction (Doc. 28). Plaintiff's Amended Notice of Appeal states that he seeks to incorporate an appeal of the M&O in his original appellate action.

The Tenth Circuit Court of Appeals has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "An order that . . . sets the stage for further trial court proceedings is not final." *Hayes Family Trust v. State Farm Fire & Casualty Company*,

1

845 F.3d 997, 1003 (10th Cir. 2017).  Therefore, the M&O is an interlocutory order.  In light of the jurisdictional limitation of 28 U.S.C. § 1291, "interlocutory appeals are the exception and not the rule."  *Larson-White,* 2008 WL 5427783, at *1 (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs*., 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

Plaintiff's interlocutory appeal must be evaluated pursuant to 28 U.S.C. § 1292(b), which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.  *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

To the extent Plaintiff's Amended Notice of Appeal may be construed as a motion for certification under § 1292(b), the Court finds neither substantial ground for difference of opinion on a controlling question of law nor that an immediate appeal from the order might materially advance the ultimate resolution of this matter.

Plaintiff has also filed a motion for leave to appeal *in forma pauperis* (Doc. 30).  Federal Appellate Rule 24(a) requires a party who desires to appeal *in forma pauperis* to file a motion in the district court.  *See* Fed. R. App. P. 24(a)(1).  Under that rule, the moving party must file an

affidavit that shows the party's inability to pay and that states the issues that the party intends to present on appeal.  *See id*.  Further, 28 U.S.C. § 1915 provides that an appeal may not be taken in forma pauperis "if the trial court certifies in writing that it is not taken in good faith."   28 U.S.C. § 1915(a)(3).  Thus, "[i]n order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Plaintiff has not stated the issues that he intends to present on appeal – in either his notice of appeal or in his motion to proceed *in forma pauperis* on appeal – as required.  Therefore, the Court cannot determine whether the appeal is taken in good faith under the standard set forth above.  Plaintiff must remedy these deficiencies before the Court may rule on the instant motion.

**IT IS, THEREFORE, BY THE COURT ORDERED** that certification of this interlocutory appeal is denied.

**IT IS FURTHER ORDERED** that no stay will issue in this matter during the pendency of the appeal.

**IT IS FURTHER ORDERED** that Plaintiff is required to show cause on or before **September 29, 2023**, why the motion for leave to appeal *in forma pauperis* (Doc. 30) should not be denied for failure to provide the required information as set forth herein.

**IT IS SO ORDERED.**

**DATED:  This 12th day of September, 2023, at Kansas City, Kansas.**

                                                                **S/ John W. Lungstrum**
                                                                **JOHN W. LUNGSTRUM**
                                                                **UNITED STATES DISTRICT JUDGE**