UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN D. LIVINGSTON,

    Plaintiff,

v.

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY, et al.,

    Defendants.

Case No. 23-3032-EFM-BGS

## MEMORANDUM AND ORDER DENYING MOTION FOR LEAVE TO AMEND AND MOTION TO APPOINT COUNSEL

This matter comes before the Court on pro se[1] Plaintiff Adrian Livingston's motion for leave to file a second amended complaint[2] and motion for appointment of counsel. Docs. 49, 57. Defendants oppose the motion to amend the complaint arguing that the proposed amendments are futile. Doc. 56. Defendants take no position on the motion for appointment of counsel. For the reasons stated herein, the Court **DENIES** both motions.

### I. Background Facts

Plaintiff brings this pro se civil rights action. He is incarcerated at the Norton Correctional Facility in Norton, Kansas. This case originally arose from criminal drug charges that he was acquitted of on September 21, 2021. The District Judge previously screened the complaint and

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

[2] Plaintiff's First Amended Complaint was filed on 5/26/2023. Doc. 13. On August 8, 2023, Plaintiff filed a motion for leave to file a second amended complaint. Doc. 19. Plaintiff's motion was denied. Doc. 22. On October 4, 2023, Defendant filed another motion for leave to amend the complaint (Doc. 48), followed by an "amended motion" for leave to amend the complaint on October 5, 2023 (Doc. 49). The Court finds the first motion **MOOT** and will consider the most recently filed motion.

1

dismissed the case. Doc. 15. Plaintiff then moved for reconsideration and provided additional clarification. After reviewing the motion, the District Judge granted the motion, but only as to his over-detention claims.[3] Doc. 27. Plaintiff clarified that his claim for unlawful detention or false imprisonment was based on being held for two days after the judge issued an order for release at the conclusion of his trial. Plaintiff now moves for appointment of counsel and to amend his complaint.

## II. Motion to Appoint Counsel

The Court will first consider Plaintiff's motion to appoint counsel. Plaintiff has requested the appointment of counsel on several occasions during this case. Docs. 3, 10, 57. The first motion was denied without prejudice to refiling if Plaintiff's complaint survived screening. Doc. 5. The second motion was denied because the Court was dismissing the claims. Doc. 15. Plaintiff now files this third motion because the Court granted a motion for reconsideration which allowed some of his claims to proceed. Plaintiff argues that the Court should appoint counsel because he is indigent and has alleged a plausible cause of action.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have

---

[3] Plaintiff's claim of unlawful detention under the Fourth and Fourteenth Amendments based on two days over-detention survived screening. Counts 1, 2, 7, 10, 11, and 12 survive as to his over-detention claim. All other claims have been dismissed. The remaining Defendants include: (1) Unified Government of Wyandotte County, (2) Wyandotte County, Board of Commissioners, (3) Donald Ash, (4) David Thaxton, (5) Charles Patrick, (6) Tracy McCullough, and (7) Dwight Baxton.

assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Here, Plaintiff's only basis for requesting counsel is that he has been approved to procced *in formal pauperis*, some of his claims survived screening, and that having a trained lawyer will help his case proceed more effectively. However, those reasons do not amount to a basis for being appointed counsel in a civil case. *See Waterman v. Harred*, No. 23-3182-JWL, 2023 WL 6275914, at *1-2 (D. Kan. Sept. 26, 2023). The Court has reviewed and considered Plaintiff's motion and concludes that (1) the issues are not complex and (2) Plaintiff appears capable of adequately presenting facts and arguments. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

### III.     Motion to Amend the Complaint

The Court next considers Plaintiff's motion for leave to amend the complaint. Plaintiff seeks to amend his complaint to correct clerical errors, add a jury demand, and to add Jane and John Doe defendants. The Jane and John Doe defendants that Plaintiff seeks to add are intake officers that allegedly contributed to his over-detention. It is not entirely clear which claims he is alleging against these defendants. It appears he is alleging Fourth and Fourteenth Amendment violations against them and seeks to add them to counts 1, 2, 10, 11, and 12.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It is well-settled that in ruling on a motion for leave to amend, courts are instructed to "freely give leave when justice so requires,"

and only deny leave to amend for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Thus, "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bradshaw v. Lappin*, 484 F. App'x 217, 225 (10th Cir. 2012).

As an initial matter, the Court notes that Plaintiff is unable to amend his complaint as a matter of right because he has already amended his complaint once in this case. *See* Doc. 13. As such, Plaintiff must obtain the Court's leave to file this second amended complaint. Plaintiff's proposed additions include adding a jury demand, correcting clerical errors, and adding Jane and John Doe defendants. The Court first notes that there is already a jury demand in his first amended complaint and Plaintiff's clerical corrections do not add anything of substance to his surviving claims. *See Armendariz v. Santa Fe Cnty. Bd. of Commissioners*, No. 1:17-CV-00339-WJ-LF, 2018 WL 3549821 (D.N.M. July 24, 2018) (noting that clerical corrections alone may not justify the filing of an amended complaint).

Next, and of perhaps more importance, the proposed addition of Jane and John Doe defendants raises statute of limitations concerns. The statute of limitations applicable to § 1983 actions is determined by the relevant state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in K.S.A. § 60-513(a)." *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F .3d 1184, 1188 (10th Cir. 2006) (citations omitted). While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of

4

federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Id.* at 388. In other words, "[a] § 1983 action 'accrues when facts that would support a cause of action are or should be apparent.'" *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). The Court may determine that the proposed amendments are futile if it is clear from the allegations that the action is barred by the statute of limitations. *See Fogle*, 435 F.3d at 11 1258-59.

The District Judge previously ruled that Plaintiff's claims of unlawful detention pending his trial are untimely and barred by the statute of limitations. Docs. 15, 27. However, the District Judge also ruled that his unlawful detention claim based on over-detention after his trial concluded is timely. Doc. 27. Plaintiff alleges he was unlawfully detained after his trial from September 21, 2021, to September 23, 2021. Doc. 13, at 22-23. Plaintiff moved to add Jane and John Doe defendants on October 4, 2023, which is beyond the applicable two-year statute of limitations. Therefore, his proposed amendments only survive a futility finding if his claims can relate back to the original complaint.

Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). When an amendment changes the party or adds an additional party, the amendment relates back when the party (1) "received such notice of the action that it will not be prejudiced in defending on the merits;" and (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(c)(i)-(ii). *See also Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) (precluding the ability to relate back when the proposed amendments add new defendants, when those defendants were not named originally because the plaintiff did not know their identities).

The Court recognizes that the conduct alleged arises out of the same occurrence of events set forth in the original pleadings. However, that fact alone is insufficient. First, Plaintiff has not shown that the proposed John and Jane Doe defendants have received notice of the present action. And if even if Plaintiff could muster such evidence, he cannot show there has been a mistake concerning the proper party's identity. *See* Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff seeks to add intake officers that allegedly contributed to his over-detention. He claims he does not know the identity of those individuals, so he seeks to add Jane and John Doe as defendants. Lack of knowledge of the intended defendant is not a "mistake" within the meaning of Rule 15(c)(3)(B). *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Thus, if a plaintiff attempts to add or replace John Doe defendants, the plaintiff cannot rely on "mistake" as a vehicle to relate back to the original pleadings. *George on Behalf of Est. of Bradshaw v. Beaver Cnty. by & Through Beaver Cnty. Bd. of Commissioners*, No. 2:16-CV-1076 TS, 2019 WL 181354, at *2 (D. Utah Jan. 11, 2019). Numerous circuits have recognized this so-called "John Doe rule". *Id. See, e.g.*, *Heglund v. Aitkin Cnty.*, 871 F.3d 572 (8th Cir. 2017) *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) *Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012) *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 1414, 212 L. Ed. 2d 403 (2022). "[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999).

Plaintiff's proposed amended pleading to add the two new parties does not relate back to the original complaint. Accordingly, the action against John and Jane Doe is barred by the statute of limitations. Thus, Plaintiff's proposed amendments are futile and Plaintiff's motion to amend the complaint is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**.

6

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend the complaint is **DENIED**.

**IT IS SO ORDERED.**

Dated November 2, 2023, at Wichita, Kansas.

/s BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge