UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN D. LIVINGSTON,

    Plaintiff,

v.                                             Case No. 23-3032-EFM-BGS

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Adrian D. Livingston brings this pro se prisoner civil rights case under 42 U.S.C. § 1983. He is currently incarcerated at the Norton Correctional Facility in Norton, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Doc. 4. On September 1, 2023, the Court entered a Memorandum and Order directing the Clerk to send waiver of service forms to the following Defendants: Donald Ash, David Thaxton, Charles Patrick, Tracy McCullough, and Dwight Baxton. Doc. 27. Plaintiff identified Defendant McCullough as a Captain at the Wyandotte County Detention Center.

The Memorandum and Order at Doc. 27 was returned as undeliverable for Defendant McCullough. Doc. 33. The returned mail included a notation, presumably from the facility, stating "RTS – no longer employed."[1] *Id.* The Court subsequently entered an order which directed counsel for the Unified Government of Wyandotte County to submit under seal any current or last known address information for Defendant Tracy McCullough to the Clerk of Court. Doc. 52. A new address was provided, and the Court once again directed that service be effectuated on Defendant McCullough. Docs. 58, 59. For the second time, the summons was returned unexecuted. Doc. 77.

---

[1]RTS is a common acronym which stands for "Return to Sender".

1

The returned mail indicated it was returned to sender and was "unclaimed." *Id.*

Plaintiff's in forma pauperis status means that he was entitled to rely on the Clerk and the United States Marshal's Service to effect proper service of process on his behalf, but "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (citing *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479–80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service in an *ifp* case where the plaintiff had named the wrong defendant); *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994) (dismissal of *ifp* case for Marshals Service's failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff")). *Cf. Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("'[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.'").

Plaintiff is responsible for providing the correct service address for the individual defendant. *See Pemberton*, 673 F. App'x at 865. The Court directs Plaintiff to provide the correct service address for Defendant McCullough. If Plaintiff fails to comply, his claims against the unserved defendant may be subject to dismissal without prejudice for failure to effect service. *See* Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED** that Plaintiff shall provide the Court with a correct service address for Defendant McCullough by **January 19, 2024.** If Plaintiff fails to comply or provides another address that is returned as undeliverable, the undersigned Magistrate Judge will recommend to the District Court that his claims against Tracy McCullough be dismissed without prejudice for failure to effectuate service.

**IT IS SO ORDERED.**

Dated December 14, 2023, at Wichita, Kansas.

/s Brooks G. Severson

Brooks G. Severson
United States Magistrate Judge