UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN D. LIVINGSTON,

    Plaintiff,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, et al.,

    Defendants.

Case No. 23-3032-EFM-BGS

## REPORT AND RECOMMENDATION FOR DISMISSAL OF DEFENDANT TRACY MCCULLOUGH

Plaintiff Adrian D. Livingston brings this pro se prisoner civil rights case under 42 U.S.C. § 1983. He is currently incarcerated at the Norton Correctional Facility in Norton, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Doc. 4. On September 1, 2023, the Court entered a Memorandum and Order directing the Clerk to send waiver of service forms to the following Defendants: Donald Ash, David Thaxton, Charles Patrick, Tracy McCullough, and Dwight Baxton. Doc. 27. Plaintiff identified Defendant McCullough as a Captain at the Wyandotte County Detention Center.

The Memorandum and Order at Doc. 27 was returned as undeliverable for Defendant McCullough. Doc. 33. The returned mail included a notation, presumably from the facility, stating "RTS – no longer employed."[1] *Id.* The Court subsequently entered an order which directed counsel for the Unified Government of Wyandotte County to submit under seal any current or last known address information for Defendant Tracy McCullough to the Clerk of Court. Doc. 52. A new address was provided, and the Court once again directed that service be effectuated on Defendant

---

[1] RTS is a common acronym which stands for "Return to Sender".

1

McCullough. Docs. 58, 59. For the second time, the summons was returned unexecuted. Doc. 77. The returned mail indicated it was returned to sender and was "unclaimed." *Id.*

On December 14, 2023, the Court entered a memorandum and order requiring Plaintiff to provide a correct service address for Defendant Tracy McCullough by January 19, 2024. In its order, the Court stated that "if Plaintiff fails to comply or provides another address that is returned as undeliverable, the undersigned Magistrate Judge will recommend to the District Court that his claims against Tracy McCullough be dismissed without prejudice for failure to effectuate service." Doc. 78, at 2. The date for Plaintiff to comply with the order has passed and no service address has been provided.

Federal Rule of Civil Procedure 4(m) governs the time limit for service. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Mr. Livingston's in forma pauperis status means that he was entitled to rely on the Clerk and the United States Marshal's Service to effect proper service of process on his behalf, but "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (citing *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479–80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service in an *ifp* case where the plaintiff had named the wrong defendant); *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994) (dismissal of *ifp* case for Marshals Service's failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff")). *Cf. Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.").

Plaintiff is responsible for providing the correct service address for the individual defendant. *See Pemberton*, 673 F. App'x at 865. Plaintiff has not provided a correct service address for the unserved Defendant and has failed to comply with the Court's previous Memorandum and Order. Moreover, Plaintiff has failed to effectuate service in the time provided for in Fed. R. Civ. P. 4(m). As such, the Court **RECOMMENDS** that the District Court dismiss Plaintiff's claims against Defendant Tracy McCullough without prejudice.

**IT IS THEREFORE ORDERED** that a copy of the **recommendation** shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and **recommendations** to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or **recommendations** of the undersigned **Magistrate Judge**. Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the **recommended** disposition.

**IT IS SO RECOMMENDED.**

Dated January 24, 2024, at Wichita, Kansas.

/s BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge