## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ADRIAN LIVINGSTON,

        *Plaintiff,*

  vs.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS CITY
KANSAS et al.,

        *Defendants.*

Case No. 23-3032-EFM-BGS

## MEMORANDUM AND ORDER

Plaintiff Adrian Livingston brings this pro se civil rights suit alleging he was over-detained for almost two days at the Wyandotte County Detention Center (the "Detention Center"). Livingston asserts a claim under 42 U.S.C. § 1983 as well as state law claims for abuse of process and breach of duty against Defendant Unified Government of Wyandotte County/Kansas City Kansas ("Unified Government") and Defendants Donald Ash, Dwight Baxton, Charles Patrick, and David Thaxton (the "individual Defendants").   The Unified Government and individual Defendants have each filed a motion to dismiss, or in the alternative, motion for summary judgment on Livingston's claims.  This matter comes before the Court on Livingston's "Motion Pursuant to F.R.Civil.P. Rule 62 State of Proceedings to Enforce Judgment" (Doc. 67) and "Motion for Discovery Pursuant to Fed.R.Civil.P. Rule 26(b)(1)(1) and 56(d)(2)" (Doc. 68).   For the following reasons, the Court denies Livingston's motions.

## I.      Factual and Procedural Background

This case arises out of Livingston's confinement at the Detention Center where he was being held on criminal drug charges.  Livingston alleges that he was acquitted of the charges on September 21, 2021, and should have been released that day.  Instead, the Detention Center released him on September 23.  Defendants allege the delay was due to an active detainer from the Kansas Department of Corrections ("KDOC") reflected in the electronic inmate management system ("Bluhorse"). After confirming the detainer was expired, the Detention Center released Livingston.

Livingston filed this suit on February 6, 2023.  Upon review of his Amended Complaint, the Court found his § 1983 claim of unlawful detention under the Fourth and Fourteenth Amendments survived screening.  The Court also found that Livingston's claims for supervisory and *Monell* liability, his claim for failure to intervene, and his state law claims for abuse of process and breach of duty survived screening.

On October 18, 2023, Defendant Unified Government filed a motion to dismiss, or in the alternative, motion for summary judgment arguing that Livingston has not stated a viable claim for *Monell* liability against the Unified Government and that Livingston has not stated a viable claim under the Kansas Tort Claims Act.  On October 30, 2023, Defendants Ash, Baxton, Patrick, and Thaxton filed a motion to dismiss, or in the alternative, motion for summary judgment.  They argued that Livingston has not stated a claim for supervisor liability, that the individual Defendants are entitled to qualified immunity, and that Livingston has not stated a viable claim under the Kansas Tort Claims Act.  Livingston has not yet responded to these motions.  Instead, he filed a "Motion Pursuant to Fed.R.Civil.P. Rule 62 Stay of Proceedings to Enforce Judgment" and a "Motion for Disclosure of Discovery Pursuant to Fed.R.Civ.P. Rule 26(b)(1)(2) and 56(d)(2)."

## II        Analysis

### A.        Motion to Stay Proceedings under Rule 62 (Doc. 67)

Livingston asks the Court to stay the case under Rule 62 so that he may obtain additional discovery to respond to the pending motions for summary judgment.  Rule 62 provides for the stay of execution of a judgment "at any time after judgment is entered."  The Rule is inapplicable to this case because no judgment has been entered and there is no court order to execute judgment upon.  To the extent Livingston is requesting additional time to respond to the motions for summary judgment to conduct discovery, the Court has already granted a 30-day extension of time for Livingston to respond once the current motions before the Court are ruled upon.  Therefore, the Court denies Livingston's Motion to Stay.

### B.        Motion for Discovery under Rule 56(d)(2) (Doc. 68)

#### 1.        *Legal Standard*

Rule 56(d) allows a party to request deferral on a summary judgment decision pending additional discovery.[1]  Under this rule, if the non-moving party demonstrates by affidavit, that it cannot present facts essential to justify its opposition, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[2]

The Tenth Circuit imposes four requirements on a party seeking relief under Rule 56(d). The party "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional

---

[1] Fed. R. Civ. P. 56(d).

[2] *Id.*

time will enable [the party] to obtain those facts and rebut the motion for summary judgment."[3]
When a summary judgment motion is based on qualified immunity, the party's affidavit must also
"demonstrate a connection between the information he would seek in discovery and the validity of
the [defendant's] qualified immunity assertion."[4]   The decision to grant an opposing party's
request under Rule 56(d) is within the Court's discretion.[5]

Additionally, the Court recognizes that Livingston is proceeding pro se.   "A   pro   se
litigant's pleadings are to be construed liberally and held to a less stringent standard than formal
pleadings drafted by lawyers."[6]   However, "pro se litigants are subject to the same rules of
procedure that govern other litigants."[7]   "[T]he court will not construct arguments or theories for
the plaintiff in the absence of any discussion of those issues."[8]

    2.    *Analysis*

Livingston contends that he needs additional evidence to respond to Defendants' motions
for summary judgment.  In his motion, Livingston submits a list of interrogatories for Defendants
Unified Government and Patrick, a list of documents for Defendants to produce, and a request to
subpoena several sheriff's deputies who allegedly work in intake and release at the Detention
Center.  Generally, Livingston's discovery requests seek any policies for maintaining and updating

---

[3] *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)) (alternation in original).  The Court will refer to these four factors as "the *Gutierrez* factors."

[4] *Id*. (quoting *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990)) (alteration in original).

[5] *Id*. (citing *Trans–Western Petrol., Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016)).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citation omitted).

[7] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir.1993) (citation omitted).

[8] *Drake v. City of Ft. Collins*, 927 F.2d 1156, 1159 (10th Cir.1991) (citation omitted).

the Bluhorse system, an explanation on training employees on the Bluhorse system, and copies of reported grievances and incidences regarding the Bluhorse system.  Livingston also attaches an affidavit to his motion requesting a copy of his KDOC detainer and the policies concerning the training and maintenance of the Bluhorse system.  Livingston states that the detainer will show that the Bluhorse system was not properly updated and the policies will show that Defendants were not properly maintaining the Bluhorse system.

Defendants argue that the information Livingston requests is not relevant or material to the legal bases upon which their summary judgment motions rest.  In the alternative, Defendants attach a Supplemental Affidavit of Major Charles Patrick with supporting documents responding to Livingston's discovery requests.

The Court has reviewed Patrick's affidavit and supporting documents and finds that it adequately responds to Livingston's discovery requests.  For example, Patrick's affidavit explains how the Bluhorse system is updated, how inmate releases are governed by a single policy—the C-110, which was attached to the individual Defendants motion for summary judgment, how Patrick is the final authority on the policy, and what training employees receive regarding intake and release.  Patrick has also provided the electronic records of the Wyandotte County Sheriff's Office that pertain to Livingston.  Within these documents is a copy of the KDOC Warrant Withdrawal for Livingston dated December 2, 2020.  Given Defendants' production of this information, Livingston's request for discovery under Rule 56(d) is now moot.

Additionally, Livingston's motion and affidavit do not warrant relief under Rule 56(d).  He has not addressed all four prongs of the *Gutierrez* standard.  Furthermore, he does not demonstrate any connection between the information he seeks and the individual Defendants' assertion of

qualified immunity in their motion for summary judgment.  Accordingly, Livingston's Motion for Discovery is denied.

     **IT IS THEREFORE ORDERED** that Livingston's "Motion Pursuant to F.R.Civil.P. Rule 62 State of Proceedings to Enforce Judgment" (Doc. 67) is **DENIED**.

     **IT IS FURTHER ORDERED** that Livingston's "Motion for Discovery Pursuant to Fed.R.Civil.P. Rule 26(b)(1)(1) and 56(d)(2)" (Doc. 68) is **DENIED**.  Livingston has 30 days from the date of this Order to respond to the motions to dismiss, or in the alternative, motions for summary judgment.

     **IT IS SO ORDERED**.

     Dated this 13th day of March, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE