IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Adrian D Livingston
Plaintiff

v.                                                    Case No. 23-3032

Unified Government of
Wyandotte County, et al.,

Written Objection To Summary Judgment
Affidavit Pursuant To F.R.C.P. Rule 56(c)(2)

Objection In Lieu of Motion To Strike

Plaintiff, Adrian Livingston, pro-se, makes this formal, written objection to the defendants' use of James Eickhoff as a witness and the information he presents in his affidavit and documents, exclusively referred to as ("Exhibit 5 at 1-11").

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that an "objection" that the evidence presented cannot be presented in admissible form is the proper way to challenge improper summary judgment evidence. Since 2010 amendments to

Rule 56, there is no need to make a seperate motion to strike and the burden is on the proponent of the evidence to show that the evidence is admissible as presented or explain in the admissible form that is antikipated at trial. Fed.R.Civ.P. 56 advisory committee of 2010, see also Griddine v GP1 KS-SB, Inc., 2019 U.S. Dist. Lexis 32050 at 5 (D. Kan 2019).

## Grounds For Objection

1. Fed.R.Civ.P. 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless." Griddine 2019 U.S. Dist Lexis 32050 at 10.

2. Objection #1: The Plaintiff objects pursuant to Rule 34(b)(2)(c), on the grounds of prejudice. (A) The withholding of the actual information from the Bluhorse system on 9-21-2021. That the Deputies took inference from, to disobey the court order, Doc 68 ¶ 12, Exhibit 1 ¶ 3; Docs 54 at 3; 63 at 3. (B) The withholding of the requested kiosk information, Doc 68 ¶ 14, Exhibit 1 ¶ 3. (C) The late disclosure of warrant order No. 3642, Exhibit 5 at 9. (D) The defendants' use of James Eickhoff as a witness and his information and documents in Exhibit 5 at 1-11.

3. This has impeded the Plaintiff's ability to use them as evidentiary support of his claims in Docs 90, 91. Now this same evidence is being used against him, without allowing him to rebut. The defendants' evasive acts with the disclosure of discovery violates Rule 26(a)(1)(A)(ii) in accordance with Rule 37(a)(4), and should be deemed as inadmissible pursuant to Rule 37(c)(1).

4. Objection #2: The Plaintiff objects to Eickhoff and and the defendants' claim, that he has not attempted to post bail, or offered any evidence of facts that would indicate an attempt to post bail. Doc 101 at 7, Exhibit 5 ¶ 15. These assertions are inadmissible on the grounds of insufficiency and speculation.

5. All of the documented evidence is in the possession and control of the defendants, who sent the Plaintiff all of his documents via, Doc 75. After he motioned the court for discovery, Requesting all documents made by him inquiring about his detainer from the kiosk, under Rule 34(a)(1)(A), Doc 68 ¶ 14, Exhibit 1 ¶ 3. The defendants never fulfilled this request.

6. Had the defendants disclosed the kiosk and I.C.F. inquiries, Doc 68 ¶ 14. The Plaintiff could show this evidentiary support that he was "attempting to post bail". By first making sure no detainers were pending, the very first step in posting bail. Doc 79 P.S.C. ¶ 18-20, Exhibit 1 ¶ 6-9, refuting Doc 101 at 7, Exhibit 5 ¶ 15. By the defendants withholding the kiosk information. It

would be prejudicial to consider the defendants' statement "that the plaintiff has not shown any facts showing he attempted to post bail. Without first a court order to compel pursuant to Rule 37(a)(3)(A) for full disclosure of the kiosk information requested in, Doc 68 ¶ 14. Because the defendants has violated Rule 37(a)(4) and Rule 26(a)(1)(A)(ii).

7. Objection #3: The plaintiff's objection to Exhibit 5's evidence being inadmissible in content and substance pursuant to Rule 56(c)(2) is because the information is: (A) Either based on speculation due to the lack of factual support. (B) The relevancy of the information is immaterial or insufficient. (C) There is a conflict in the information within these documents raising questions about their accuracy and authenticity.

8. ... Rule 56(c)(4) provides that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Similarily D.Kan 56.1(d) provides that "affidavits or declarations must be made on personal knowledge and by a person competent to testify to the facts stated that are admissible in evidence." Griddine 2019 U.S. Dist Lexis 32050 at 5-6.

9. Rule 11(b)(3) does require that factual contentions, to have evidentiary support. Giving testimony about a fictional matter is

false testimony. A party commits perjury if he "(1) gives false testimony; (2) concerning a material matter; and (3) with willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." <u>Kyngalar Corp., v Schenkal</u> 200 F. Supp 3d 1273, 1305 (Utah Dist. 2016).

10. The affidavit and documents in support of Eickhoff's Exhibit 5 at 1-11, are immaterial to the extent that none of these documents are from 9-21-2021. The relevancy of a document showing a detainer pending on 9-21-2021. Or a before and after Bluhorse screenshot printout of Florez's and Kelley's additions and updates in Exhibit 5 at 5. Is to show the actual detainer or warrant, that reflected active in the Bluhorse system, DOCS 54 at 3; 63 at 3. Or the actual warrant or detainer that was entered into the computer system without an expiration date, Doc 75 Exhibit 39 ¶ 6. Because this is what the defendants contend was their reasoning to disobey the court order to release the Plaintiff, Exhibit 5 ¶ 13.

11. Eickhoff's averments in Exhibit 5 ¶ 16-17, are immaterial. In claiming that Exhibit 5 at 6-8 are accurate due to their print date. These documents fail to refute Doc 90 Exhibits 3,4. They all display that there were no detainers pending on 9-21-2021, Doc 102 at 5. All of the Plaintiff's documentation originate from, Doc 75.

12. The documents submitted to support Eickhoff's affidavit are insufficient, incomplete and conflicting in content. For example, Eickhoff's averments in Exhibit 5 ¶ 10-13, are supported by the incomplete documents of Exhibit 5 at 5. It does show that Deputy Florez added detainers on 8-13-2020 and 10-2-2020, then updated a detainer on 12-2-2020. It also show Deputy kelly making a detainer update on 9-23-2021. But there are no documents submitted from the Bluhorse system showing what specifically was updated and added. To confirm Exhibit 5 ¶ 13; Doc 75 Exhibit 3 a ¶ 6, "that an expiration date for the detainer was not entered into the computer system. Making this insufficient evidence that is incomplete, speculative and inadmissible as evidence for trial.

13. Objection #4: The Plaintiff objects specifically to the assertions of the defendants and Eickhoff that the Plaintiff had two detainers pending, for the first time in these proceedings. Doc 101 at 7, Exhibit 5 ¶ 11-13. On the grounds of insufficiency in content leading to confusion and conflict, conjecture and speculation. The arrest and detain order, ("A&D order"). No. 20-080 and warrant No. 3642, Exhibit 5 at 9-11, are all derivables of the same tree, case No. 02-CR-423. So both officially expired on 12-2-2020, pursuant to the warrant withdrawl order, Exhibit 5 at 10; Doc 79 P.S.C. Exhibit 2.

14. The conflict is with the A&D order No. 20-080, Exhibit 5

at 11, actually expired on 9-12-2020. But exhibits 5 at 7,8; Doc 90 Exhibits 3,4, show an expiration date of 9-12-2021, a difference of a year. This in itself causes speculation, confusion and conjecture, that requires an authentification inquiry for the correct expiration date of the detainer, pursuant to Rule 26(e)(1)(A). Due to the fact that all documents including the Plaintiff's were originally disclosed by the defendants. They are in violation of Rule 26(a)(1)(A).

15. The ultimate question the plaintiff brings to the courts attention and ask the defendants is: (A) "Why hasn't the defendants produced a Bluhorse screenshot printout of Plaintiff's 9-21-2021, face sheet as it did in, Doc 100 Exhibit 5 at 6-8?" (B) Why hasn't the defendants disclosed the document that the Deputies took inference from showing the active detainer of 9-21-2021?"

16. Objection #5: The plaintiff objects to the defendants' evasive disclosure tactics, pursuant to Rule 37(a)(4). The defendants made the contention in Docs 54 at 3; 63 at 3, that "a detainer showed up active", insinuating that it was only one detainer pending. Now in their response they contend that there was two detainers pending, Doc 101 at 7, Exhibit 5 9L 11-13. But the defendants has failed to disclose the 9-21-2021, evidentiary support, the Deputies took inference from to support their contention. Docs 54 at 3; 63 at 3, 12-13.

17. The Plaintiff filed for discovery based off the defendants' contention that one detainer was pending not two. He specifically requested "a copy of the detainer," to show it expired before 9-21-2021, Doc 68 ¶ 12, Exhibit 1 & 3. The disclosure of discovery in, Doc 75, was not complete and correct copies of all the documents in the defendants possession pursuant to Rule 26(g)(1)(A), when the defendants responded by sending, Doc 75, warrant No. 3642 was not within this documents Exhibits. Nor was there any document showing the specific information the Deputies took inference from on 9-21-2021, Doc 63 at 12, 13. To disobey the court order to release the Plaintiff.

18. Had the defendants sent warrant No. 3642 in, Doc 75. The Plaintiff could have used this document as evidence to aid him in his memorandums in Docs 90; 91. To demonstrate that A3D order No. 20-080 with the expiration date of 9-12-2020 and warrant No. 3642, derive from case No. 02 CR 423, Ergo, both expired on 12-2-2020, pursuant to Doc 79 P.S.C. Exhibit 2. Showing that no detainers or warrants existed on 9-21-2021. Supporting his claims as asserted throughout Docs 79 P.S.C.; 90;91. The Plaintiff was prejudice by the withholding of the above stated information, violating Rule 26(g)(1)(A)(ii) and Rule 26(g)(1)(A), pursuant to Rule 37(g)(4).

19. With warrant No. 3642 and the warrant withdrawl order having derived from the secretary of corrections' @Jeff Zmunda.

Gillian Pollard who was Livingston's Parole Officer at the time, issued or distributed these documents along with A.3.D. order No. 20-080 to the defendants, Exhibit 5 at 9-11. These documents raises no speculation or conjecture in content accuracy and is sufficient as admissible evidence. Because these documents are independent of the defendants and the Bluhorse system.

20. The Plaintiff's objections pursuant to Rule 56(c)(2). To the defendants' disclosure of discovery not being in accordance with Rule 26(a)(1)(A)(ii), Rule 26(g)(1)(A) and Rule 56(c)(4), has standing. Specifically the disclosure of documents. There is no factual evidentiary support pursuant to Rule 11(b)(3), that a detainer was pending on 9-21-2021, such as a 9-21-2021, Bluhorse screenshot printout displaying the active detainer, the Deputies took inference from to disobey the court order to release the Plaintiff. Docs 54 at 3; 63 at 3.

21. Without this evidence the content in each affidavit would be insufficient evidence and inadmissible at trial. Because there would be no facts to set forth, by the affiants' to have personal knowledge about, even Eickhoff, instead it refutes their claims. Doc 54 at 3 ¶ 4, Exhibit 3 ¶ 5; Doc 63 at 3 ¶ 3, Exhibit 1 ¶ 5, Exhibit 3 ¶ 5, Exhibit 4 ¶ 6; Doc 75 Exhibit 3a ¶ 6; Doc 100 ¶ 6-12. Due to each affiants' attestment and trial testimony would be in support of a fictional matter. See Xyngular Corp. 200 F.Supp 3d at 1305. Ergo, the affidavits' content is

inadmissible pursuant to Rule 56(c)(4). By withholding the copy or document of the pending detainer that supports their defense or contention. The defendant has violated Rule 26(a)(1)(A)(ii), and Rule 56(c)(1)(A).

22. In this case the defendants as movants bear the initial burden in establishing that there is no issues of material fact, burden of production and establishing that they are entitled to summary judgment by law. The defendants has failed to show a lack of genuine issues of material facts according to the above stated objections. See Pelt v Utah 539 F3d 1271, 1280 (10th Cir 2008).

23. The defendants has failed to show that there is no genuine issue of material fact. The defendants contention that there was "an active detainer reflecting in the Bluhorse computer system" on 9-21-2021. Is the genuine issue of material fact as addressed in the Plaintiff's prior objection Doc 92 ¶ 6. Pursuant to D.Kan Rule 56.1(a), the defendants' statement of facts in Docs 54 at 3 ¶ 5, 63 at 3 ¶ 3, is specifically controverted by Exhibit 5 at 9-11.

24. The defendants has not submitted any evidentiary support pursuant to Rule 56.1(c)(1)(A) and Rule 11(b)(3). For its contention, defense or averments to controvert the Plaintiff's objections and evidentiary support herein and in Doc 92 ¶ 6; Doc 100 Exhibit 5 at 9-11, that there is no detainer pending on 9-21-2021. That

would be admissible as evidence in court. To establish that they are entitled to summary judgment by law or met their initial burden of production. Ergo, summary judgment for the defendants should be denied.

25. The defendants-movants as the proponents of the evidence being objected to as admissible. Due to its content and substance is either inaccurate, based on speculation without any factual evidentiary support, or its relevance is immaterial and insufficient as specified herein. Has failed to explain in the admissible form that is anticipated at trial or that the evidence is admissible as presented, pursuant to Rule 56(c)(2) and Rule 56(c)(4). Specifically their contention that the Blukorse system displayed an active detainer, Doc 54 at 3 ¶ 4; Doc 63 at 3 ¶ 3; Doc 92 ¶ 6. Instead of correcting this inadmissible evidence objected to in Doc 92, pursuant to Rule 26(e)(1), the defendants has added to it. Docs 101, 102; Exhibit 5 at 1-8.

## Relief Requested

On 11-3-2023, the plaintiff filed an initial discovery request pursuant to Rule 56(d)(2). Requesting the pending detainer from 9-21-2021 and all kiosk information inquiring about his detainer status, Doc 68 ¶ 12, 14; Exhibit 1 ¶ 3. On 11-16-2023, the defendants responded with the disclosure of documents attached to Doc 75.

But they withheld the specific requested information at Doc 68 ¶ 12, 13, Exhibit 1 ¶ 3, attached is a copy of Doc 68.

This information has still not been disclosed violating Rule 26(a)(1)(A)(ii). As movants for summary judgment hold the initial burden of production. Pursuant to Rule 26(a)(1)(D) and Rule 34(b)(2)(A) the defendants violated the time limitation for the disclosure for discovery. Even though the court denied the plaintiff's motion for discovery on 3-13-2024, its irrelevant. Because this decision was almost 90 days after the 30 days allotted by statue.

On these grounds the plaintiff object pursuant to Rule 34(b)(2)(c) and Rule 37(a)(4). He requests an order for sanctions pursuant to Rule 37(A)(3)(A) and D. Kan Rule 11.1(b)(3). To strike the defendants' pleadings, contentions and defenses stated in Doc 54 at 3 ¶ 4; 63 at 3 ¶ 3; 101 at 7, Exhibit 5 ¶ 5. To stay the summary judgment proceedings until the defendants disclosure or the court compel the defendants to disclose the information requested in Doc 68 ¶ 12, 14, Exhibit 1 ¶ 3, and has been completed. As well as the completed disclosure of the documents of 8-13-2020, 10-2-2020, 12-2-2020, and 2-23-2021 as mentioned herein ¶ 10, 12.

The plaintiff request an order for sanctions pursuant to D. Kan Rule 11.1(b)(2) and Rule 37(c)(1). Due to the defendants withholding this information beyond the 30 days allotted by

Rule 26(a)(1)(D) and Rule 34(b)(2)(A). That they are not allowed to use the information disclosed from this discovery of Doc 68 ¶ 12,14, Exhibit 1 at 3, as stipulated by these statues. The Plaintiff reserve his right to use this information once it is disclosed, for evidentiary support. He also request in the alternative summary judgment in his favor pursuant to Rule 56(f)(1).

The attached affidavit, Exhibit 2, demonstrates the proportional need of these documents and information in this case. The Plaintiff also request an authentification inquiry on the documents from the Bluhorse system. That the defendants Exhibit 5 at 7-8 and Doc 20 Exhibits 3,4, that was disclosed to him by the defendants as stated herein at ¶ 13,14.

### Conclusion

Wherefore, the Plaintiff request that the court sustain his objections and grant him the relief sought herein.

Respectfully submitted

Adrian Livingston

Adrian Livingston #60787
N.C.F. P.O. Box 546
Norton, KS. 67654
7-3-2024

Signed before me on July 5, 2024

LORI VAN EATON
Notary Public - State of Kansas
My Appt. Expires 01-05-2028

Certificate of service

I hereby certify under the penalty of perjury on this 03 day of July 2024. That the statements herein is true and correct and was e-filed to the court clerk and a copy sent via U.S. mail to:

Bonil Cole
701 N, 7th St. 9th floor
Kansas City, KS. 66101.

Signed before me on July 5, 2024

LORI VAN LAT...
Notary Public - State of Kansas
My Appt. Expires 01-03-2028

Respectfully Submitted
_Adrian Livingston_
Adrian Livingston #60787
N.C.F. P.O. Box 546
Norton, KS. 67654

1 of 1