Exhibit A
I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Adrian D. Livingston

Plaintiff

v

Unified Government of

Wyandotte County, et al.,

Case No. 23-3032-EFM-BGS

Motion For Disclosure of Discovery Pursuant
To Fed.R.Civ.P. Rule 26 b(1)(2) and 56(d)(2)

Comes now, Adrian Livingston, the Plaintiff, pro-se, motions this honorable court for an initial disclosure of discovery pursuant to Fed.R.Civil.P. Rule 26 b(1)(2) and 56(d)(2). In order to respond to the opposing party's, motion for summary judgement. The following discovery is requested.

1. Pursuant to Fed.R.Civ.P Rules 33 and 34, the Plaintiff submits the following interrogatories and requests for documents to the defendants. Request the court to direct the defendants to answer each of the interrogatories in writing under oath. To provide the Plaintiff with copies of the requested documents or make them available to the Plaintiff for inspection and/or copying

within 30 days.

2. The Plaintiff submits the following interrogatories for defendants the Unified Governments and Patrick to answer pursuant to Rule 33:

3. Upon what government entity is the defendants Patrick and the Unified Government, exercising their discretionary function as claimed in motion for summary judgement, Doc #54 pg #10?

4. What is the normal time frame in releasing inmates?

5. How often is the electronic inmate management system Bluhorse updated?

6. Who is in charge of training staff on keeping the Bluhorse system updated, current and in concert with the conventional paper files?

7. Who is the training personnel's supervisor?

8. Who was the person responsible for updating the Bluhorse system, to invalidate the detainer, when it expired?

9. Are you Major Charles Patrick a sheriff with delegated final policymaking authority

2 of 6   10. The Plaintiff request the following documents pursuant to

Rule 34 (a)(1)(A):

11. A) A copy of the policy and procedure for the maintainance of the electronic inmate management system. Such as how often is it suppose to be updated and by whom. The Relevance is to show that the failure to update this Bluhorse system prior to this incident, was due to a lack of adequate supervision, in maintaining this system.

12. B) A copy of the detainer. Its relevance is to show how long the detainer has been expired before September 21, 2021.

13. C) A copy of any and all incident reports, narratives and grievances. Related to the electronic system Bluhorse, incorrectly validating detainers or warrants as active, when they were not.

14. D) A copy of any documents from the kiosk or I.C.F. forms. That Livingston submitted inquiring about the status of his detainer.

15-26
strike

15. The Plaintiff seeks leave of the court pursuant to Rule 31. To subpoena sheriff Deputies Utes, Kelley and Black. These are individuals who have worked in intake, on a regular basis and can give an unbias statement either by affidavit, declaration or deposition.

16. The Plaintiff does not have their current addresses, but know that they are still employed at Wyandotte County Detention Center 710 N, 7th Street, Kansas City, KS. 66101.

17. The Plaintiff prefer an affidavit or declaration to be more convient in saving time and money, upon the grant of leave. He would ask that they respond to these two questions:

18. A) Is there an unwritten by midnight policy standard when it comes to processing releases of inmates?

19. B) What is the normal time it takes to complete the administrative release process for an inmate, upon court order?

20. This request is not done in bad faith, improperly motivated to cause delay or be unreasonably burdensome. But is pursued diligently to be in compliance with Rule 56 (c). In order to properly oppose summary judgement.

21. Costlow v United States 552 F.2d 560, 564 (3rd Cir 1977). States: Where the facts are in the possession of the moving party, a continuance of a motion for summary judgement should be granted as a matter of course.

22. Ingle v Yelton 439 F.3d 191, 196-97 (4th Cir 2006) states: (The Rule of 56 (f) application is generally disfavored where the party opposing summary judgement makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.)... courts should hesitate before denying Rule 56 (f) motions when a

party opposing summary judgment is attempting to obtain necessary discovery of information possessed only by her opponent.

<u>Conclusion</u>

Wherefore the Plaintiff request that this honorable court will deny summary judgement or at least stay it, until Plaintiff has had an opportunity to complete discovery.

Respectfully submitted

_Adrian Livingston_

Adrian Livingston

<u>Verification</u>

I verify and declare under the penalty of perjury. That I have read this motion for discovery and its statements are true and correct. This 23 day of November 2023

Respectfully Submitted

_Adrian Livingston_

Signed before me 11/03/23   TOM F. BROWN JR
                           Notary Public - State of Kansas
_Tom F. Brf._          My Appt. Expires 4/12/2027   Adrian Livingston

5 of 6

Certificate of service

I hereby certify under the penalty of perjury. That I e-filed a true and correct copy of this motion for discovery and sent a copy via U.S. mail, this 03 day of November 2023 to:

Joni Cole
701 N. 7th Street, 9th floor
Kansas City, KS. 66101

Respectfully submitted
Adrian Livingston
Adrian Livingston

Signed before me 11/3/23



TOM F. BROWN JR
Notary Public - State of Kansas
My Appt. Expires 6/12/2027

Exibit #A
II

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Adrian D. Livingston
        Plaintiff

        v                              Case No. 23-3032-EFM-BGS

Unified Government of
Wyandotte County, et al.,


State of Kansas      )
                     )    Affidavit of Adrian D. Livingston
County of Norton     )


    I, Adrian Livingston, being first duly sworn, deposes as follows:

1. On october 27, 2023, I received the response of a summary judgement and motion to dismiss my 42 U.S.C. § 1983 complaint, from defendant the unified Government. see Exibit 2

2. I am informing the court. That in order for me to respond properly with documents, policies and affidavits. I am filing a motion for discovery pursuant to Fed.R.Civ.P. Rule 56(d)(2), 33,34 and 26 (b)(1). which will require a 30 day stay in order to complete this process.

3. I am requesting a copy of my K.D.O.C. detainer. Its relevance, is that my parole expired on May 29, 2021, So a copy of this paper document, will show that the Bluhorse system should have been updated then, to clear this detainer out of the system. The failure to update the system by @ane prejudiced me, because it deprived me of liberty and due process to bond out if I chose to. Besides delaying my court ordered release.

4. The relevance in requesting the policies concerning the training and maintainance of the Bluhorse system, will show that the defendants are liable for the practice of not keeping this system properly updated to prevent such delays due to errors, as in my case.

5. After the disclosure of discovery is completed as requested; I will then be able to offer sufficient evidence to support the claims in my § 1983 complaint. That the administrative release process when it was applied to myself, Amounted to a policy of inaction and deliberate indifference to my Fourth and Fourteenth Amendment rights.

Signed before me   11/3/23
Tom F. Bn J.

Respectfully Submitted - Affiant
Adrian Livingston
Adrian Livingston   11-03-23

TOM F. BROWN JR
Notary Public · State of Kansas
My Appt. Expires 6/12/2027

2 of 2