IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Adrian Livingston
     Plaintiff

     v                Case No. 23-3032-EFM-BGS

Unified Government of
Wyandotte County, et al.,

Memorandum In Support Of Motion
To Alter or Amend Judgment Pursuant
To Fed.R.Civ.P. Rule 59(e)

    Adrian Livingston, the Plaintiff, prose a prisoner at the Norton Correctional Facility, brings this 42 U.S.C. § 1983 cause of action seeks redress for damages and declatory judgment. Plaintiff has brought claims of unlawful detainment, Municipal liability, supervisory liability, failure to intervene, and state claims of abuse of process and breach of duty of care. This memorandum in support of motion to alter or amend judgment is brought forth for reconsideration of the claims dismissed on September 5, 2024. seeks the relief from the court to set aside this judgment and to deny summary judgment for the defendants. Allowing this case to be decided by a jury at trial.

<u>Statement of Case</u>

1. The Plaintiff conditionally acknowledges and incorporates herein the factual and procedural background of the court's Memorandum and order of September 5, 2024, Doc 115. To prevent a prejudicial error of the statement of uncontroverted facts, Plaintiff correctly cites the controverted facts.

2. Livingston claims that after he was acquitted on September 21, 2021, his court ordered release was unreasonably delayed for two days. Due to the deliberate indifference of staff implementing the administrative release process. Doc 13 ¶ 48-49. He takes the position that as of December 2, 2020, he had no pending detainers nor did a detainer reflect active in the Bluhorse computer system.

3. For clarity, these are the subordinate Sheriff Deputy John Does referred to in Plaintiff's complaint and response to summary judgment. Their names were unknown until after Defendants responded to Plaintiff's discovery request and could not be added as defendants. Subordinate John Doe of event A is Deputy Christopher Parrish, he received and updated the court ordered release on 9-21-2021. Deputy Kelley updated the court ordered release a second time on 9-23-2021 and released the Plaintiff. Subordinate John Doe of event B is Deputy James Florez, he added and updated Arrest & Detain order (A & D order) #20-080 on 8-13-2020 which expired on 9-12-2020 not 9-12-2021. Then twenty days later Warrant #20-3642 on 10-2-2020

and motion to withdraw order on 12-2-2020. Doc 79 P.S.C. Exhibit 3;
Doc 102 Exhibit 5 at 8, 9-11.

4. According to the Defendants and the record. on 9-21-2021 at 5:13 p.m.,
Deputy Christopher Parrish updated the court order. Doc 79 P.S.C. Exhibit 3;
Doc 102 Exhibit 5 at 5. During this update Parrish seen a KDOC detainer
without an expiration date erroneously reflected as active, in the
electronic inmate management system (Blackhorse). Doc 59 at 3, Doc 63 at
3, 12-13; Doc 75 Exhibit 3 at ¶ 6. Chose not to complete the implementation
of policy c-110 A.1.a. procedure. and did not release the Plaintiff, Nor did
he relay the information to Deputy Bond, who was in charge of releases
that day. Doc 102 at 5, Exhibit 5. ¶ 13, 16.

5. Policy c-110 A.1.a., instructs the releasing Deputy to receive all
information pertinent to the release of the detainee and review
all such information for accuracy to determine the eligibility of the
detainee for release. At b.; Run a computer want and holds check
on the detainee being released and c.; expedite the release of
any eligible detainee. Doc 54 Exhibit 2 at 1.

6. Evidence shows that Parrish did not follow policy c-110 A.1.a.
and c. procedure properly. Evidence introduced into the record
does not show the information that Parrish took inference from on
9-21-2021, to make the decision to not release Livingston. The
record show that Deputy Lorenzo Kelley updated the court order
a second time on 9-23-2021, at 9:48 a.m. and released Livingston

within an hour at 10:48 a.m.. The information in the transaction log show what seems to be deleted detainer entries on 8-13-2020 at 10:28 a.m., 10-2-2020 at 11:15 a.m., 12-2-2020 at 4:43 p.m. and 9-23-2020 at 9:48 a.m.. In comparison to the other entries of the transaction log which displays relevant content of subject matter. Doc 102 Exhibit 5 at 5; Doc 79 P.S.E. Exhibit 3. These facts establishes a genuine issue of material facts, in favor of the Plaintiff.

7. Due to the court not ordering a Martinez report to establish an administrative record during screening. Plaintiff had no opportunity to obtain any evidence before the defendants filed their motions to dismiss or in the alternative summary judgment. Plaintiff filed for discovery pursuant to Rule 56(d). Doc 68 ¶ 12,14 Exhibit 1 ¶ 3. Defendants responded by sending defendants Patrick's affidavit and attachments. However the actual requested detainer or information that Parrish took inference from on 9-21-2021 and the kiosk information was withheld by the Defendants. The booking and release face sheets were not requested.

8. Plaintiff then filed a supplemental complaint to make additional claims that he was deprived of his statutory and constitutional right to post bail. Due to Deputies not properly removing the expired detainer from the Bluehorse system on 12-2-2020. The Plaintiff seeks to add the (2)John Doe Deputies responsible for depriving him of posting bail to his supplemental complaint.

9. The court denied Plaintiff's request for discovery and ordered him to respond to Defendants' motions for dismissal or in the alternative summary judgment. The Plaintiff filed his response with written objections. Defendants filed a reply and Plaintiff filed a second written objection and motions for sanctions.

10. The court granted qualified immunity and summary judgment to the Defendants. Did not allow the Plaintiff to file a sur reply, overruled his objections, denied his motion for sanctions, leave to file supplemental pleadings and dismissed his complaint on 9-5-2024. The Plaintiff now brings forth this motion to alter or amend judgment pursuant to <u>Rule 59(e)</u>.


<u>Arguments and Authorities</u>


A. Legal Standard


11. A motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law. <u>Vanhorn v United States Postal Serv</u>, 2023 U.S. Dist. Lexis 94989 at <u>2-3 (D. Kan 2023); Servants of the Paraclete v Does 204 F 3d 1005, 1012 (10th Cir 2000)</u>.

Point 1

B. Summary Judgment

I). The court comitted a prejudicial legal error when it based its summary judgment findings on misapprehended facts, controlling law and conflicting affidavits.

12. "Credibility determinations, the weighing of evidence and drawing of legitimate inferences from the facts are jury functions, not those of a judge. Anderson v Liberty Lobby Inc. 477 US. 242, 255 (1986); The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. Burlington Northern & Santa Fe Ry v Grant 505 73d 1013, 1022 (10th Cir 2007); If the moving party fails to meet their burden the motion must be denied, regardless of the nonmovants response. Safety Techs, L.C v L.G. Techs 2000 US. Dist Lexis 22283 at 18 (D. Ken 2000); Material factual disputes cannot be resolved at summary judgment based on conflicting affidavits. Hall v Bellmon 935 72d 1106, 1111 (10th Cir 2003).

13. The court has overlooked the genuine issue of material facts. Plaintiff first stipulated a failure to supervise in the complaint not at summary judgment. That Plaintiff's court ordered release was unreasonably delayed for two days, when the administrative release process was implemented on 9-21-2021 not 9-23-2021. Due to the Defendants' inadequate supervision of this administrative release

process it caused an unconstitutional breakdown in this system and policy. Doc 13 ¶ 5, 17, 48-49.

14. The defendants as movants had the burden to prove an absence of a genuine issue of material fact. That the court order for release of the Plaintiff was not disobeyed and Plaintiff's release was reasonably delayed. According to the record, originally in Defendants' motions for summary judgment they conceded that the court order to release the Plaintiff was knowingly disobeyed. Due to a KDOC detainer without an expiration date showing active in their electronic inmate management system "Bluhouse", Docs 54 at 3, 63 at 3, 12-13, Exhibits 1, 3, 1.

15. Whether the detainer was entered into the computer system or not. The affiants Buxton, Patrick, Thaxton and Eickhoff failed to introduce any evidence in support of their investigation from 9-21-2021 pursuant to <u>Rule 602</u> and <u>Rule 56(c)</u>. Therefore the facts are uncontroverted in favor of the Plaintiff and movant has not met its summary judgment burden. The court's findings are not grounded on the record but on conflicting affidavits and conjecture. See <u>Safety Techs L.C. 2000 U.S. Dist Lexis 22283 at 18</u>; <u>Hall 935 F.2d at 1111</u>.

16. <u>Fed. R. Evid. 602</u> requires that a "testifying witness" have personal knowledge of the matter" testified to.... <u>Rule 56(e)</u> also requires that copies of all papers or parts thereof referred to in affidavit to be attached thereto or served therewith" <u>Stevens v Water Dist. one. 561 F. Supp 2d 1224, 1231 (D. Kan 2008)</u>;

see Litton v Maverick Paper Co., 388 F. Supp 2d 1261, 1268 (D. Kan 2005); Certain Underwriters at Lloyd London's v Garmin Int'l, Inc., 781 F 3d 1226, 1231 (10th Cir 2015).

**II** ) The court committed a prejudicial legal error by not ordering a Martinez report and finding that Plaintiff has received the documents he requested.

17. When the pro se Plaintiff is a prisoner, a court authorized investigation and report by prison officials (referred to as a Martinez report) is not only proper but may be necessary to develope a record sufficient to ascertain whether there are any factual or legal basis for the prisoner's claim. Hall 935 F 2d at 1109; ... district courts in our circuit frequently require investigative reports and stay of discovery. Lamb v Norwood 899 F 3d 1159, 1163 (10th Cir 2018).

18. Without a Martinez report being ordered by the court to establish an administrative record. The Plaintiff did not have an opportunity to obtain essential evidence before the Defendants filed for summary judgment. When the Defendants responded to Plaintiff's discovery request they withheld certain essential evidence. Doc 68 ¶ 12, 14, Exhibit 1 & 3. This was detailed in Plaintiff's objections 1, 2, 5 showing the prejudice it caused and the connection for qualified immunity purposes. Doc 92 at 2-4, 7-11, Exhibit 1 at 2-3.

19. It was erroneous for the court to conclude that the Defendants

response to Plaintiff's discovery request was adequate, staying discovery and ordering him to respond to summary judgment. The court further erred concluding Plaintiff's objections were an attempt to obtain additional discovery. When actually the Plaintiff was seeking as a means of relief in his objections, to compell the Defendants to disclose the evidence it was withholding that he already requested. This is the same evidence that the Defendants should have disclosed or introduced into evidence with their summary judgment motion pursuant to Rule 56 (c) and (e). This evidence could also have been obtained via the Martinez report. Thus summary judgment should be vacated or set aside and stayed so Plaintiff can receive the requested information.

20. "Typically, when the parties have no opportunity for discovery... and ruling on a summary judgment motion is likely to be an abuse of discretion" Rachel v Troutt 820 73d 390,396 (10th Cir 2016);... the general rule is that summary judgment should not be entered "where nonmoving party has not had the opportunity to discover information that is essential to his opposition". United States v Supreme Court 839 73d 888, 904, (10th Cir 2016).

21. All evidence in the record is irrelevant compared to any evidence from 9-21-2021. The date of the alleged violation, the issuance of the court order and the date Plaintiff should have been released. The date Deputy Parrish initially implemented the administrative release process policy c-110 procedure. When Parrish seen the detainer with no expiration date active in the Bluhorse system and did not

confirm the accuracy of the detainer and expediate Plaintiff's release. Doc 63 at 12-13. This evidence establishes the foundation for all claims.

**III )**    The court comitted a prejudicial legal error in improperly addressing Plaintiff's objections. By addressing its issue concerning Rule 26 and disregarding its Rule 56 issues.

22.    The court failed to address the issues of Plaintiff's objection concerning Rule 56. This has led to the erroneous finding of the court, that Plaintiff has not properly addressed the defendants' affidauts being inadmissible. It will be a manifest injustice if the court does not address all of Plaintiffs objections fully on their merits. For the purpose of reconsideration, Plaintiff incorporate and reiterate his Rule 56 objection. Doc 92 ¶ 6-14; Doc 105 at 4-10.

23.    Plaintiff request that the analysis of objections 3-5, be not as a sur reply. But as objections challenging Eickhoff's affidavit content as inadmissible trial evidence, as he did the other affiants. Doc 92 ¶ 6-14, Due to a lack of a foundation to establish personal knowledge under Rule 602. Even though the defendants are exempt from disclosure under Rule 26 (a)(1)(B)(v). Rule 56 (c) and (e) requires all statements supporting or opposing summary judgment to have attached documemented evidence or information attached thereto or served therewith. see Stevens 561 F. Supp 2d at 1231; certain underwriters 781 F 3d at 1231.

<u>IV</u>   The court comitted a prejudicial legal error in improperly finding that the affiants' statements were based on personal knowledge. This was a misapprehension of controlling law.

24.  <u>Rule 602</u>: A witness may testify only to a matter only if evidence is introduced sufficient to support a finding that a witness has personal knowledge of the matter. <u>Hasen v P.T. Bank Negara Indon. Persero 706 73d 1244, (1250 (10th Cir 2013); Bryant v Farmers Ins. Exch. 432 73d 1114, 1123 (10th Cir 2005).</u>

25.  None of the affiants including Eickhoff, has introduced the actual detainer or information that Deputy Parrish, who initially updated the court order to release Plaintiff on 9-21-2021, not 9-23-2021. Took inference from to support his decision not to release the Plaintiff, into the record. Doc 63 at 12-13, Exhibits 1, 3, 4; Doc 102 Exhibit 5 ¶ 13, 16, at 5, which the affiants took inference from in their investigation to establish personal knowledge in accordance with <u>Rule 56 (c) and (e).</u>

26.  The Defendants has not even submitted an affidavit of Parrish who had first hand personal knowledge. This would have established a foundation for both parties, pursuant to <u>Rule 602</u> as it supercedes all other evidence in the record. Without this foundation each affidavit introduced by the Defendants to support their summary judgment motion is inadmissible hearsay under <u>Rule 801 (c)(2).</u> Doc 92 ¶ 6-14.

27.  The court declaring that Defendants are not required to provide

documentation supporting the statements in their affidavits to support a motion for summary judgment pursuant to Rule 56(e) is a misapprehension of controlling law. This must be corrected to prevent a manifest injustice, by setting aside summary judgment. Due to the Defendants failure to meet its burden. Litton 388 F. Supp 2d at 1268; Stevens 561 F. Supp 2d at 1231; Certain underwriters 781 F3d at 731; Safety Techs. L.C. 2000 U.S. Dist Lexis 22283 at 18.

Ⅳ) The court committed a prejudicial legal error when it denied the Plaintiff an opportunity to file a surreply.

28. If a moving party includes new evidence in a reply, the court can either "permit a surreply on any new material contained or in granting summary judgment for the movant refrain from relying on any new material contained in the reply brief. Green v Anesthesia Partners of Colo, Inc., 2023 U.S. App Lexis 28326 at 21-23 (10th Cir 2023); A moving party is typically not permitted to submit new evidence after its initial brief unless a nonmoving party has an opportunity to respond. United States v 92,203. 00 in United States currency, 537 F3d 504, 507 N1 (5th Cir 2008).

29. When the Defendants filed their reply to Plaintiff's response to their motion for summary judgment. Defendants introduced the new evidence and reasons for the delay. Now stating that Plaintiff had two detainers pending during his incarceration. It was a prejudicial legal error to consider the new evidence of Eickhoff's affidavit and reasons

of Defendants' reply brief, after it denied Plaintiff an opportunity to file a surreply. Then declared Plaintiff's objections challenging Eickhoff's affidavit as an attempt to file a surreply.

30. By law the court erred when it used Eickhoff's affidavit and the two detainers, to make its summary judgment conclusions, when the court was suppose to disregard them. Furthermore, without the use of an administrative investigative report the court erroneously used conflicting affidavits to resolve a material factual dispute. Hall 935 F.2d at 1111[12]... The drawing of legitimate inferences from the facts are jury functions not those of a judge". Anderson 477 U.S. at 255

Point 2

C.  Qualified Immunity

      The court erred by granting Defendant Ash qualified immunity. The Plaintiff has properly demonstrated his personal involvement and culpable state of mind

31.   Once a Defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a "'strict-two-part-test'."... The Plaintiff must establish (1) that the defendants violated a constitutional right and (2) that this right was clearly established at the time of the defendant's conduct. Dodd v Richardson 614 F.3d 1185,1191 (10th Cir 2010).

a) Unlawful Detainment - Supervisory Liability

I. Personal Involvement

32. Personal involvement can be established in several ways "by demonstrating a defendant's personal participation, his exercise of control or direction, or his failure to supervise".... A defendant - supervisors promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights could also have constituted sufficient personal involvement. <u>Schneider v City of Grand Junction Police Dep't 717 F3d 760, 768 (10th Cir 2013).</u>

33. Plaintiff concedes to the grant of qualified immunity to Thaxton, Buxton and Patrick. However, he objects to the grant of qualified immunity for Sheriff Ash. His failure to supervise was first mentioned in Plaintiff's complaint, not at summary judgment. Doc 13 ¶ 5, 17, 48-49.

34. The Plaintiff asserts that he has shown sufficient facts to demonstrate Ash's affirmative link and personal involvement to support a claim of supervisory liability. Plaintiff identifies the following policies. (1) Ash ratified, promulgated and endorsed policy C-110, Doc ¶ ¶ 24, Exhibit 1 ¶ 4, 11. (2) As a custom and practice the utilization of the Bighorse system incorporated into policy C-110 A.1.b. procedure to check for wants and holds daily for years. Doc ¶ ¶ 33, Doc 90 ¶ 83, 92 Exhibit 1 ¶ 31. (3) The custom and practice of Ash allowing his subordinates to make decisions on "routine matters" without supervisor

consultation. Doc 90 ¶ 78, Doc 91 ¶ 26-28, Exhibit 1 ¶ 11-12; Doc 63 at 12-13.

35. Defendant - Supervisor may be liable under § 1983 where an "affirmative" link exists between the unconstitutional acts by their subordinates and their "adoption of any plan or policy ... — express or otherwise — showing their authorization or approval of such misconduct". Dodd v Richardson 614 73d 1185, 1200-01 (10th Cir 2010).

Ⅱ   Culpability

36. Deliberate indifference constitutes the requested state of mind ... whether a supervisor has violated the plaintiff's rights is dependent on whether the subordinate violated the constitution. Dodd 614 73d at 1205, 1209.

37. Deputy Florez the subordinate Deputy &John Doe who added and updated both detainers #20-080 and #20-3642. He showed deliberate indifference towards the detainers by not properly removing the detainers by 12-2-2020, from the Bluhorse system. This resulted in a detainer to erroneously show up active nine months later, to be the moving force in the unconstitutional breakdown of the Bluhorse system and policy C-110 on 9-21-2021. Doc 90 ¶ 83, Exhibit 1 ¶ 21-24, Doc 91 ¶ 33, Exhibit 1 ¶ 5-14. Due to the lack of supervision and the custom of allowing Deputies to make decisions on routine matters without any supervisor consultation. Doc 63 at 12-13.

38. Deputy Parrish the subordinate Deputy (John Doe made the choice to be deliberately indifferent to the court order for Plaintiff's release on 9-21-2021. He initially updated Plaintiff's court ordered release, seen a detainer without an expiration date showing active in the Bluhorse computer system. He had a ministerial duty pursuant to policy C-110 A.1.a. procedure to check the accuracy of the detainer. Instead he chose the alternative action of deliberate inaction and used his discretionary authority to not release the Plaintiff pending the detainer Doc 63 at 3, 12-13; Doc 79 P.S.C. Exhibit 3; Doc 102 Exhibit 5 ¶ 13,16 at 5. Resulting in Deputy Kelly 40 hours later updating the court ordered release on 9-23-2021. He properly implemented policy C-110 A.1.a., and released Plaintiff within an hour.

39. The court's supervisory liability conclusions is a misapprehension of the facts and controlling law. The court's finding that Plaintiff alleges a failure to train or supervise for the first time in his summary judgment affidavit and has not offered any facts or evidence in support, is erroneous. The Plaintiff has shown in complaint, response to summary judgment and above, sufficient facts and evidence of the record to support a failure to train or supervise, for a rational jury to make a finding in his favor. Schneider v City of Grand Junction Police Dep't 717 F3d 760, 767 (10th Cir 2013).

40. The court's finding that the adherence to or implementation of policy C-110 did not cause Plaintiff's overdetention. It was due to the person at W.C.D.C. who failed to correctly update the Bluhorse

system. This is a misapprehension of controlling law and fact. As Plaintiff has explained above and in his response that the computer system "Bluhorse" is a custom, practice and system utilized and incorporated into policy C-110 A.1.b. procedure. Ergo, Plaintiff's overdetention was caused by the unconstitutional breakdown in policy C-110's Bluhorse system caused by Deputy Florez. combined with the insufficient implementation of policy C-110 A.1.a. procedure caused by Deputy Parrish.

41. As a matter of law the county's system of administrative processing cannot be immune from allegations that, in practice, it amounts to a policy of deliberate indifference. Berry v Baca 379 73d 764, 768-69 (9th cir 2004).

42. Thus for the reasons asserted in complaint, response to summary judgment and above. The Plaintiff has shown the deliberate indifference of Florez and Parrish with sufficient supporting facts and evidence. To establish Ash's personal involvement and culpable mental state or an "affirmative link" between Ash and the constitutional violations committed by his subordinates and for a jury to give a verdict in his favor.

43. "In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must show that the supervisor's subordinates violated the constitution." Sigg v Allen County 2016 U.S. Dist Lexis 158302 at 15-16 (D. Kan 2016).... The district court's conclusion, that deliberate indifference is a sufficiently culpable mental state to implore liability under §1983, Wilson v Montano 715 73d 847, 858

(10th Cir 2013).

b) Municipal Liability - Monell claim

The court committed a prejudicial legal error in finding that Plaintiff did not show an issue of material facts as to his Monell claim.

44. If a decision to adopt a particular course of action is properly made by the government's authorized decisionmakers, it surely represents an act of official government policy.... Pembaur v City of Cincinnati, 435 U.S. 469, 481 (1986). "A municipality is responsible for... actions taken by subordinate employees in conformance with pre existing official policies or customs... Seifert v Unified Gov't of Wyandotte Cnty 779 F3d 1141, 1159.(10th Cir 2015).

45. The Plaintiff cites three policies that were in use that led to the violation of his constitutional rights. 1) Policy C-110. 2) The Bluhorse computer system is a custom, practice and system utilized by W.C.D.C. incorporated into policy C-110 A.1.b. procedure, Doc 90 Exhibit 1 ¶ 21. 3) The custom, practice and policy that allows deputies to use their discretionary authority to make decisions on "routine matters" without supervisor consultancy. Doc 63 ¶ 12, 13; Doc 90 ¶ 78, 93, 110-111.

46. Whether by failure to train, Doc 90 ¶ 101-109, or supervise, Doc 90 ¶ 110-115, Doc 91 ¶ 24, or by any other category of Municipal policy. The Plaintiff has proven causation with the deliberate indifference of Deputy

Florez on 12-2-2020 and Deputy Parrish on 9-21-2021. Doc 78 P.S.C, Exhibit 3;
Doc 102 Exhibits 5 & 5. Following the customs, practices and policies approved
and acquiesced to by Ash.

47. The court's conclusion that the outstanding KDOC detainer within
the Bluhorse system caused the delay, not policy c-110, is a misapprehension
of the facts. This decision confirms that Deputy Florez's deliberate
indifference and inaction on 12-2-2020. Became the moving force in the
unconstitutional breakdown in the Bluhorse system, that proximately
caused the Plaintiff's overdetention. Doc 90 ¶ 70-75, 83-89. The court has
overlooked that policy c-110 A.1.b., incorporates and utilize the Bluhorse
system to check for wants and holds daily for years. This qualifies the
Bluhorse system as a custom, practice and system of policy c-110, Doc 90
Exhibit 1 ¶ 21. So in addition to deliberate indifference, the lack of
supervision in the maintainance of policy c-110's Bluhorse system caused an
unconstitutional breakdown that violated the Plaintiff's constitutional
rights.

48. Municipal liability... may be based on an informal "custom" so long
as this custom amounts to a widespread practice that, although not
authorized by written law or expressed municipal policy, is "so
permanent and well settled as to constitute a 'custom or usage' with
the force of law. Brammer-Hoelter v Twin Peaks Charter Acad, 602 F3d
1175, 1189 (10th Cir 2010).

19 of 27

49. Although the record is void of the outstanding KDOC detainer

that was pending. Nor has the defendants identified which of the two detainers was pending or introduced this evidence into the record. Deputy Florez was deliberately indifferent when he chose not to remove both detainers from the Bluhorse system on 12-2-2020. Doc 90 Exhibit 1, 2,21-24. This is the result of a failure to train, Doc 90 ¶ 103, or supervise, Doc 90 ¶ 114; Doc 91 Exhibit 1 ¶ 7-9, 13-14.

50. "If the authorized policy maker approve a subordinates decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final". _Meyer v Nava 518 F. Supp 2d 1279, 1287 (D. Kan 2007)_; A local government body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights. _Dwight v Pearce 854 F2d 1470, 1474 (9th Cir 1998)_ citing, _City of Canton v Harris 489 U.S. 378, 389 (1989)_; see also _Berry 379 F3d at 768-69_.

51. Contrary to the court's finding "the facts show that policy was followed as written". Plaintiff has shown that policy C-110 A.I. a, b. was not followed as written by Deputy Parrish. It was Parrish's ministerial duty to check for the accuracy of the detainer once he seen the detainer in the computer system without an expiration date. Parrish chose the alternative course to be deliberately indifferent and disobeyed the court order, following the discretionary "routine matter" custom or policy. He did not confirm the accuracy of the detainer and did not release the plaintiff. Doc 90 ¶ 78, 98-100; Doc 102 at 5 Exhibit 5 ¶ 13, 16.

52. This resulted in Deputy Kelley updating the court order for a second time on 9-23-2021 and implementing policy c-110 procedure 40 hours later and releasing the Plaintiff within an hour. Deputy Parrish could have did the same, thus the Plaintiff has established causation or the moving force, deliberate indifference and failure to train. Doc 90 ¶ 70-71, 78, 107, Exhibit 1 ¶ 5-10

53. Plaintiff's claims are supported by the facts and evidence of the record that a rational jury would rule in his favor. The court has already concluded that "the detainer within the Bluhorse system was the cause of the overdetention," confirming a genuine issue of material fact, in the Plaintiff's favor, for the detainer to remain in the Bluhorse system for nine months without anyone correcting it is a failure to train or supervise Florez by Ash. Doc 90 ¶ 101-115, Doc 91 ¶ 24. As asserted in Plaintiff's response, Parrish being unable to confirm the accuracy of the active detainer on 9-21-2021, shows a failure to train, supervise or deliberate indifference.

54. The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation and it consciously or deliberately chooses to disregard the risk of harm. Estate of Holmes v Somers 2021 U.S. Dist Lexis 12979 at 14 (D. Kan 2021).

55. Due to the facts set forth in support of supervisory liability and municipal liability. The Plaintiff implore that this court reverse its

judgment to deny the Unified Government and Ash summary judgment and Ash qualified immunity.


Point 3


D    Motion to File Supplemental Pleading

The court committed a prejudicial error in misapprehending the Plaintiff's position and controlling law in denying Plaintiff's Motion for Leave to File a Supplemental Pleading.

56. Amendments will generally relate back if they "amplify the facts previously alleged, correct a technical defect in prior complaint, assert a new legal theory of relief or add another claim arising out of the same facts. Kidwell v Board of County Commins 40 F. Supp 2d 1206,1217 (D. Kan 1998); followed by Columbian Fin. Corp. v Stork 2016 U.S. Dist. Lexis 92466 at n N 33 (D. Kan 2016).

57. At the time of the filing of the original complaint, the Plaintiff did not know the reason behind his delay, often asserting in his claims that his release was "unreasonably delayed." It was not until the Defendants responded to his complaint on 10-18-2023, informing him that his delay was due to a detainer showing active in the Bluhorse system. It was not until 11-16-2023, when the Defendants responded to his discovery request, that the Plaintiff had evidence showing who did what to a

certain extent. As plaintiff detailed in the statement of facts herein and his objections, He did not receive the information that was taken Inference from, to delay his release on 9-21-2021. The transaction log was incomplete due to the entry date of 12-2-2020, being excluded from this document. The detainer information in the entries were missing also, lacking subject matter content on what specifically was updated. Also there was no Martinez report ordered, by the court.

58. As of the date of this court's judgment on 9-5-2024, the statue of limitations has not expired for Plaintiff's P.S.C. <u>Pursuant to K.S.A. 60-513 (a)(4)</u>, only ten months has elapsed from the two years, for accrual of time and statue of limitation purposes. Plaintiff's P.S.C. motion is not just to add defendants, but also to seek redress. Plaintiff makes new claims in accordance with <u>Fed. R. Civ. P. Rule 15 (c)(1)(B)</u>, on the grounds of a Fourteenth Amendment violation due to being deprived of his right to post bail before trial between 12-2-2020 and 9-20-2021. This has been detailed in the P.S.C. and summary judgment response as event B.

59. The evidence to prove this claim was first discovered in the transaction of Defendants' response to Plaintiff's discovery request, filed on 11-16-2023. Specifically the transaction log, warrant withdrawl order for warrant #3642 and A & D order #20-080. This establishes an accrual date of 11-16-2023.

60. Accrual occurs "when the plaintiff has a complete and

present cause of action, that is, when the plaintiff can file suit and obtain relief. Columbian Fin. Corp. 2016 U.S. Dist. Lexis 92466 at 11 N. 33 citing wallace v Kato 549 U.S. 384, 388 (2007).

Col. "when there is reason to suspect a wrongful act and when there exists information "that is available through a reasonable investigation of sources" from which the wrongful act can be determined, the limitations period will start." Kansas "fact of injury" standard postpones the running of the limitations period until the time Plaintiff is able to determine that her/his injury may be caused by some act of the defendant." Dodson Int'l Ports., Inc. v Hiatt 2003 U.S. Dist. Lexis 17979 at 16-17 (D. Kan 2003); see also, Johnston v Agistor Credit Corp., 1987 U.S. Dist. Lexis 12871 (D. Kan 1987) at 12.

62. Showing an identity of interest allows the court to fairly presume the filing of a lawsuit against one party provided notice to the other party and relation back will not prejudice the new defendant. The court may then impute notice to the proposed defendant. Arnold v City of Olathe 2020 U.S. Dist. Lexis 7999 at 8-9 (D. Kan 2020).

63. Pursuant to Rule 15 (c)(1)(C)(i), Florez and Parrish had constructive notice under the identity interest doctrine. They were more than likely contacted during the initial investigation period by Thaxton, Buxton, Patrick or their lawyer, before they filed for summary judgment. Due to their involvement in the claim, both were involved in the actions that led to this suit. Their actions were described

without being named in Defendants briefs and affidavits. "Deputies seen an active detainer in the computer system so Plaintiff was not released", (Parrish). "Deputies entered the detainer into the computer system without entering the expiration date", (Florez).

65. Furthermore, the parties are so closely related in the operations and activities of W.C.D.C.. That the institution of an action against one serves to provide notice of litigation to the other. It would be reasonable to assume they had a timely notice or knew of the existence of this suit within the relevant time period in accordance to Rule 4(m). So Florez and Parrish had the proper notice as to not prejudice them in defending on the merits of Plaintiff's claim.

66. The premise underlying Rule 15(c) is that once notified of pending litigation over particular conduct or a certain transaction, or occurance the defendant has been given all the notice required for purposes of statue of limitations. Kidwell 40 F. Supp 2d at 1217.

67. Concerning Fed.R.Civ.P. Rule 15(c)... "the Rule requires among other things, that "the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.... Rule 15(c)(1)(c)(ii) depends on what the party to be added knew or should have known, not the amending party's knowledge or its timeliness in seeking to amend the pleading. Krupski v Costa Crociere S.p.A. 560 U.S. 538, 541, 548 (2010).

68. The proper question under Rule 15 (c)(1)(c)(ii), is not whether Plaintiff knew or should have known the identity of Parrish or Florez as the proper defendant. But whether Parrish and Florez knew or should have known they would have been known as defendants. Due to them actually being the individuals who violated the Plaintiffs constitutional rights. Being that they are Ash's subordinates and Cole, Thaxton, Baxton, Patrick and Eickhoff has conducted inquiries and investigations into this matter, and even described their actions in their motions for summary judgment and supporting affidavits as asserted above. To say that they would have been known as individually violated the Plaintiffs constitutional rights is inevitable.

69. Thus the Plaintiff has satisfied Rule 15 (c)(1)(B), and (c)(i)(ii). The statue of limitation is still going with 14 months left before time expires pursuant to the Plaintiffs P.S.C., ergo the Plaintiff is not time barred. So incorporating Florez and Parrish as defendants of the P.S.C. should not be an issue. As this Amendment or Supplemental Pleading relates back to the original complaint. The Plaintiff implore this court to allow him to add Deputies Florez and Parrish as defendants of events A and B as asserted in the P.S.C., and summary judgment pleadings for reconsideration.

<u>Conclusion</u>

Wherefore, the Plaintiff implore that this court will grant this motion to alter or amend its judgment, to vacate summary judgment and qualified immunity for the defendants and to allow the Plaintiff to further litigate his claims.

Respectfully Submitted

Adrian Livingston

Adrian Livingston #60787

N.C.F. P.O. Box 546

Norton, Ks. 67654

10-3-2024

<u>Certificate of Service</u>

I hereby certify under the penalty of perjury that the herein mentioned is true and correct. It was filed on this <u>3rd</u> day of October 2024 and a copy sent via U.S. mail to @Joni Cole, 701 N. 7th St. 9th floor, Kansas City, KS. 66101.

Respectfully Submitted

Adrian Livingston

Adrian Livingston #60787
N.C.7. P.O. Box 546
Norton, KS. 67654

Signed before me on
Oct. 3, 2024.

LORI VAN EATON
Notary Public - State of Kansas
My Appt. Expires 01-03-2028

1 of 1